1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARK ANTONY
RODRIGUEZ,

                Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 11-274 JC

MEMORANDUM OPINION AND
ORDER OF REMAND

## I.   SUMMARY

      On February 17, 2011, plaintiff Mark Antony Rodriguez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

      This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; February 24, 2011 Case Management Order ¶ 5.

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 10, 2008, plaintiff filed applications for Supplemental Security Income benefits and Disability Insurance Benefits. (Administrative Record ("AR") 12, 124, 128, 132, 138). Plaintiff asserted that he became disabled on December 15, 2007, due to shoulder and back pain, liver problems and diabetes. (AR 149). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on March 18, 2010. (AR 28-68).

On April 19, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease, degenerative joint disease of the right shoulder, diabetes, depression, and recent lupus diagnosis (AR 14); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 14-15); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. §§ 404.1567(a), 416.967(a)) with additional limitations[1] (AR 15); (4) plaintiff could not perform his past relevant work (AR 21); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically table worker, assembler, and laminator (AR 22); and

_____

[1]The ALJ determined that plaintiff: (i) could perform a range of sedentary work; (ii) could lift ten pounds; (iii) could stand/walk two hours in an eight-hour workday; (iv) must be able to use a cane as needed; (v) could sit six hours in an eight-hour workday; (vi) could not reach above shoulder level on his right side; (vii) could not climb, but could occasionally balance, stoop, kneel, crouch and crawl; (viii) would be limited to simple, routine one to two step instruction tasks; and (ix) could not work around the general public. (AR 15).

1    (6) plaintiff's allegations regarding his limitations were not credible to the extent
2    they were inconsistent with the ALJ's residual functional capacity assessment.
3    (AR 18).

4         The Appeals Council denied plaintiff's application for review.  (AR 1).

5    **III.   APPLICABLE LEGAL STANDARDS**

6         **A.   Sequential Evaluation Process**

7         To qualify for disability benefits, a claimant must show that the claimant is
8    unable to engage in any substantial gainful activity by reason of a medically
9    determinable physical or mental impairment which can be expected to result in
10   death or which has lasted or can be expected to last for a continuous period of at
11   least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing
12   42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of
13   performing the work claimant previously performed and incapable of performing
14   any other substantial gainful employment that exists in the national economy.
15   Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C.
16   § 423(d)(2)(A)).

17        In assessing whether a claimant is disabled, an ALJ is to follow a five-step
18   sequential evaluation process:

19        (1)   Is the claimant presently engaged in substantial gainful activity?  If
20              so, the claimant is not disabled.  If not, proceed to step two.

21        (2)   Is the claimant's alleged impairment sufficiently severe to limit
22              claimant's ability to work?  If not, the claimant is not disabled.
23              If so, proceed to step three.

24        (3)   Does the claimant's impairment, or combination of
25              impairments, meet or equal an impairment listed in 20 C.F.R.
26              Part 404, Subpart P, Appendix 1?  If so, the claimant is
27              disabled.  If not, proceed to step four.

28   ///

3

(4)     Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

4

1   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

2   or reversing the ALJ's conclusion, a court may not substitute its judgment for that

3   of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

4   **IV.   DISCUSSION**

5        Plaintiff contends that the ALJ failed properly to consider the opinions of

6   Dr. Warren David Yu, a consultative examining orthopedic surgeon.  (Plaintiff's

7   Motion at 3-4) (citing AR 269-72).  As discussed in detail below, the Court agrees.

8   As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

9        **A.   Pertinent Law**

10       In Social Security cases, courts employ a hierarchy of deference to medical

11   opinions depending on the nature of the services provided.  Courts distinguish

12   among the opinions of three types of physicians:  those who treat the claimant

13   ("treating physicians") and two categories of "nontreating physicians," namely

14   those who examine but do not treat the claimant ("examining physicians") and

15   those who neither examine nor treat the claimant ("nonexamining physicians").

16   Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A

17   treating physician's opinion is entitled to more weight than an examining

18   physician's opinion, and an examining physician's opinion is entitled to more

19   weight than a nonexamining physician's opinion.[2]  See id.  In general, the opinion

20   of a treating physician is entitled to greater weight than that of a non-treating

21   physician because the treating physician "is employed to cure and has a greater

22   opportunity to know and observe the patient as an individual."  Morgan v.

23   Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir.

24   1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

25   _____

26       [2]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to
27   draw bright line distinguishing treating physicians from non-treating physicians; relationship is
     better viewed as series of points on a continuum reflecting the duration of the treatment
28   relationship and frequency and nature of the contact) (citation omitted).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). These standards also apply to opinions of examining physicians. See Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

## B.    Pertinent Facts

On November 16, 2008, Dr. Warren David Yu, a state agency physician, performed an Orthopedic Evaluation of plaintiff which included a physical examination. (AR 269-72). Based on his examination of plaintiff, Dr. Yu opined that plaintiff: (i) could walk without an assistive device; (ii) could sit for six hours in an eight-hour day; (iii) could stand and/or walk for two hours in an eight-hour

day; (iv) could occasionally lift 20 pounds, and frequently lift 10 pounds; (v) had free use of the left upper extremity, but only frequent use of the right upper extremity for pushing, pulling, fine finger motor movements, handling and fingering; and (vi) was limited with regard to overhead activities on the right side. (AR 272).

In his decision, the ALJ noted, in pertinent part the following regarding Dr. Yu's opinions:

> Dr. Yu opined [that plaintiff] should be able to walk without an assistive device; is able to sit for 6 hours in an 8 hour workday; standing and walking is limited to 2 hours in an 8 hour workday; [plaintiff] can occasionally pick up 20 pounds and frequently 10 pounds; he should have free use of his left upper extremity and frequent use of his right upper extremity for pushing, pulling, fine finger motor movements, handling and fingering; and he should be limited with regard to overhead activities on the right side.
>
> The undersigned has read and considered the opinions of Dr. Yu and gives them great weight.  Dr. Yu had the opportunity to examine [plaintiff] and is a qualified expert in the field in which his opinions are based upon.  However, Dr. Yu did not have an opportunity to review [plaintiff's] records or listen to the testimony in this matter.  The undersigned has given greater weight to [plaintiff's] subjective complaints.

(AR 20-21).

### C.    Analysis

Plaintiff argues that the ALJ failed properly to account for Dr. Yu's opinion that plaintiff was limited to "frequent use of his right upper extremity for pushing, pulling, fine finger motor movements, handling and fingering."  (Plaintiff's Motion at 3-4).  The Court agrees.

7

Although the ALJ gave "great weight" to Dr. Yu's opinions, and specifically noted Dr. Yu's opinion that plaintiff was limited to "frequent use of his right upper extremity for pushing, pulling, fine finger motor movements, handling and fingering," the ALJ did not include such limitations in the residual functional capacity assessment for plaintiff or in the hypothetical question posed to the vocational expert.  (AR 15, 62-67).  The ALJ's failure to account for such significant and probative medical opinion evidence was legal error.  See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation when he rejects "significant probative evidence.") (citation omitted).

The Court cannot find such error harmless.  As defendant concedes, the requirements of two of the representative jobs identified by the vocational expert (i.e., Assembler [DOT § 734.687-018] and Laminator [DOT § 690.685-258]) are inconsistent with limitations to "frequent" pushing, pulling, fine finger motor movements, handling and fingering.  (Defendant's Motion at 4).  Considering the ALJ's assessment that plaintiff retained the residual functional capacity to do only a limited range of sedentary work, and the vocational expert's testimony that additional limitations could significantly erode an already limited occupational base, the Court cannot conclude that the vocational expert would have opined (or that the ALJ relying upon such opinion would have determined) that plaintiff could perform work which exists in significant numbers in the national economy if the ALJ had included in the hypothetical question limitations to frequent pushing, pulling, fine finger motor movements, handling and fingering for plaintiff 's right upper extremity.  Therefore, the Court cannot find that the ALJ's error was harmless.

Accordingly, this case must be remanded to permit the ALJ properly to consider the medical opinion evidence.

///

///

8

1  **V.     CONCLUSION**[3]

2         For the foregoing reasons, the decision of the Commissioner of Social

3  Security is reversed in part, and this matter is remanded for further administrative

4  action consistent with this Opinion.[4]

5         LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED:   November 22, 2011

7                                                    /s/
                                          _____
8                                          Honorable Jacqueline Chooljian
                                          UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22  _____

23    [3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
    decision, except insofar as to determine that a reversal and remand for immediate payment of
24  benefits would not be appropriate.

25    [4]When a court reverses an administrative determination, "the proper course, except in rare
26  circumstances, is to remand to the agency for additional investigation or explanation."
    Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
27  quotations omitted).  Remand is proper where, as here, additional administrative proceedings
    could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
28  1989).